**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

KELLY JAY SMITH,

          Appellant,

        v.

DEPARTMENT OF THE ARMY,

          Agency.

DOCKET NUMBER
AT-0842-15-0046-I-1

DATE: January 20, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Vicki L. Fuller, Redstone Arsenal, Alabama, for the appellant.

Kathryn R. Shelton, Redstone Arsenal, Alabama, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for law enforcement officer retirement credit. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115  (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        On November 27, 2005, the appellant transferred to the agency as a GS-1812-09 Game Warden, a position designated for Law Enforcement Officer (LEO) special retirement coverage under 5 U.S.C. § 8401(17).  Initial Appeal File (IAF), Tab 11 at 44, Tab 15 at 9.  In March 2009, the Office of Personnel Management (OPM) issued the Job Family Position Classification Standard for Administrative Work in the Inspection, Investigation, Enforcement, and Compliance Group, 1800, which, among other things, canceled the 1812 series and directed agencies to classify criminal investigation work previously covered by the 1812 series to the Criminal Investigation Series, 1811, and inspection work previously covered by the 1812 series to the General Inspection, Investigation, Enforcement, and Compliance Series, 1801.  IAF, Tab 11 at 40.[2]  After an audit,

---

[2] Effective December 10, 2009, while the appellant was still a Game Warden, the agency terminated his Law Enforcement Availability Pay (LEAP).  On appeal of that action, a Board administrative judge reversed it, in part, because the agency failed to provide the appellant with due process.  *Smith v. Department of the Army*, MSPB Docket No. AT-3443-10-0393-I-1, Initial Decision at 1, 3-4 & n.3 (June 4, 2010).  That decision became the Board's final decision when neither party filed a petition for review.  Subsequently the agency issued a proposal notice and a decision terminating the appellant's LEAP.  On appeal, an administrative judge reversed the action, finding that the agency did not terminate the appellant's LEAP for a reason authorized under

the agency determined that the appellant's Game Warden position had been incorrectly coded as LEO special retirement coverage because his duties were not primarily concerned with criminal investigation. *Id.* at 23. Effective January 6, 2011, the agency reclassified the appellant's GS-9 Game Warden position as a Game Conservation Enforcement Officer, GS-1801-9, resulting in a change in his retirement from LEO special retirement coverage to regular retirement.[3] *Id.* at 17. For reasons unclear, the agency did not notify the appellant officially of this change at that time. On September 12, 2014, the agency issued him a memorandum entitled Notification of Erroneous Retirement Coverage Correction. IAF, Tab 6 at 2. The agency acknowledged that it had not timely applied the new standard to the appellant's position but that the change in his retirement was effective on January 6, 2011, that the memorandum was his formal notice of that change, and that he could challenge it by filing an appeal with the Board, *id.*, which he did, IAF, Tab 1. He requested a hearing. *Id.* at 2.

¶3      Thereafter, the administrative judge issued an initial decision affirming the agency's decision that the appellant is not entitled to LEO retirement credit under the Federal Employees Retirement System (FERS) for the period from January 6, 2011, to the present. IAF, Tab 21, Initial Decision (ID) at 1, 6. The administrative judge found that the primary duties of the appellant's position specifically are excluded from 5 C.F.R. § 842.802, the regulatory definition of "law enforcement officer." ID at 5-6.

---

OPM's regulations, and the full Board affirmed that decision as modified, still reversing the action. *Smith v. Department of the Army*, 117 M.S.P.R. 628, ¶¶ 1, 12 (2012).

[3] The appellant filed an appeal over his reassignment, challenging the action and claiming that it constituted an appealable reduction in pay. The administrative judge dismissed the appeal for lack of jurisdiction, and the full Board denied the appellant's petition for review of that decision, rendering it the Board's final decision. *Smith v. Department of the Army*, MSPB Docket No. AT-0752-11-04140-I-1, Final Order at 3 (Mar. 2, 2012).

¶4      The appellant has filed a petition for review challenging the initial decision. Petition for Review (PFR) File, Tab 1 at 5-6.  The agency did not file a response to the appellant's petition for review.

¶5      To be eligible for LEO retirement credit under FERS, the employee's duties must be primarily the investigation, apprehension, or detention of individuals suspected or convicted of Federal offenses and must be sufficiently rigorous that employment opportunities should be limited to young and physically vigorous individuals.  5 U.S.C. § 8401(17)(A)(i), (ii).  An employee whose primary duties involve maintaining order, protecting life and property, guarding against or inspecting for violations of law, or investigating persons other than those who are suspected or convicted of offenses against the criminal laws of the United States are not considered law enforcement officers.  "Primary duties" are those that are paramount in influence or weight; that is, constitute the basic reasons for the existence of the position, occupy a substantial portion of the individual's working time over a typical work cycle, and are assigned on a regular and recurring basis. In general, if any employee spends an average of at least 50% of his time performing a duty or group of duties, they are his primary duties.  5 C.F.R § 842.802; *see  Watson v. Department of the Navy*, 262 F.3d 1292, 1299 (Fed. Cir. 2001) (approving the Board's position-oriented approach to determining entitlement to LEO special retirement coverage).

¶6      On review, the appellant argues that his duties are rigorous in that they include "a lot of walking" and apprehending violators who commit misdemeanors and felonies and that these duties involve more than 50% of his time.  PFR File, Tab 1 at 5.  He also challenges the contrary testimony of his former second-line supervisor, arguing that he lacked firsthand knowledge of the appellant's duties. *Id.*  And, the appellant points to his own testimony that 65% of his duties are investigatory in nature because he is required to notice irregularities in the area, such as tracks in the dirt, and follow them to see if a crime is occurring, has occurred, or might occur.  *Id.* at 6.

¶7        In affirming the agency's decision to deny the appellant LEO retirement, the administrative judge considered both his position documentation and its actual duties.  ID at 4-6.  The administrative judge carefully examined the position description, which states that 60% of the incumbent's duties include:  proactive patrol duties on Redstone Arsenal encompassing the enforcement of laws, the protection of life and property, and the management of resources and related practices and programs; citing offenders; monitoring and surveying the security of sites and reporting disturbances; checking the perimeter for unauthorized access and damage; conducting routine security checks; monitoring traffic movements; conducting compliance inspections; providing nuisance wildlife and predator control; and assisting in search and rescue efforts for unaccounted-for recreationists.  ID at 4; IAF, Tab 16 at 6-11.  These duties, which constitute the appellant's primary duties, are in the nature of maintaining law and order, protecting life and property, and guarding against and inspecting for violations of law, which are not those of an LEO officer.  *See Fagergren v. Department of the Interior*, 98 M.S.P.R. 649, ¶ 14 (2005), *aff'd*, 166 F. App'x 483 (Fed. Cir. 2006); *Street v. Department of the Navy*, 90 M.S.P.R. 652, ¶ 17, *aff'd*, 53 F. App'x 90 (Fed. Cir.), *and aff'd sub nom. Satterfield v. Department of the Navy*, 53 F. App'x 88 (Fed. Cir. 2002).  They do not reflect that the position exists or is designated as an LEO position.  *Street*, 90 M.S.P.R. 652, ¶ 11.  Nor does the position description include a maximum age for entry into the position, *Watson*, 262 F.3d at 1302; *Street*, 90 M.S.P.R. 652, ¶ 14, evidence highly probative of the fact that the position is not sufficiently rigorous so as to limit employment opportunities to young and physically rigorous individuals,[4] *Street*, 90 M.S.P.R. 652, ¶ 31.

¶8        The administrative judge duly considered the appellant's hearing testimony regarding his view of his primary duties and his perception that 65% of his duties

---

[4] This is so notwithstanding the fact that, as a condition of employment, the incumbent must be able to pass physical and mental examinations prior to hiring, and undergo an annual physical examination to ensure fitness for duty.  IAF, Tab 16 at 7.

are investigative in nature.  ID at 4-5.  The administrative judge also considered the testimony of the appellant's former second-line supervisor to the effect that 30% of the appellant's duties involve the investigation of criminal offenses.  The administrative judge found that, even if the appellant conducted four investigations over a 3-year period, as he described, and even if, in connection therewith, he apprehended suspects, he did not show that these investigations occupied a substantial portion of his working time over a typical work cycle on a regular or recurring basis, or that they otherwise constituted his primary duties.  ID at 5; 5 C.F.R. § 842.802.

¶9    The appellant has not shown error in the administrative judge's findings that, while the appellant's position involves the investigation of suspected crimes, the primary duties of his position are not the investigation, apprehension, or detention of individuals suspected or convicted of violating the criminal laws, but rather maintaining order, protecting life and property, guarding against or inspecting for violations of law, or investigating persons other than those who are suspected or convicted of offenses against the criminal laws of the United States.  5 C.F.R. § 842.802.  The administrative judge properly found, therefore, that the agency correctly determined that the appellant is not entitled to LEO special retirement coverage.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:               _____
                             William D. Spencer
                             Clerk of the Board

Washington, D.C.